KANSAS CITY STRUCTURAL STEEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6232, 13554. Promulgated April 30, 1928.

*Phil D. Morelock, Esq.,* and *Armwell L. Cooper, Esq.,* for the petitioner.

*O. Bennett, Esq.,* for the respondent.

878

880

OPINION.

LANSDON: There are two questions presented for determination: (1) Which of two methods of inventory more clearly reflects the income, and (2) whether petitioner is entitled to deduct from its income for 1918 an alleged loss in inventory resulting from a decline in price of structural steel in March, 1919.

With regard to the first question, section 203 of the Revenue Act of 1918 provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

On December 31, 1916, petitioner had on hand 5,554 tons of structural steel which it priced at $1.70 per hundredweight, f. o. b. Pittsburgh, representing cost price. At the close of each of the years following until 1921, it valued its inventory by considering the 5,554 tons as constituting a fixed stock or minimum inventory which it priced at $1.70 per hundredweight. That part of the inventory

which exceeded 5,554 tons was priced by petitioner at cost or market, whichever was lower. Each year an undetermined portion of the 5,554 tons was sold and replaced at a price substantially in excess of that used in valuing the 5,554 tons.

The respondent in recomputing the inventory value has disregarded the fixed quantity as used by the petitioner and has priced the total inventory at market.

The petitioner contends that the method used by the respondent reflects fictitious profits during the years of rapidly advancing prices, and that this fictitious profit was eliminated in 1920 when prices again became normal. It contends, however, that in the meantime it has been subjected to a tax on this fictitious profit.

In the following regulation the Commissioner has approved a basis for valuing inventories, the express purpose of which is to make it unnecessary to report fictitious profits:

ART. 1582. [Regulations 45.] *Valuation of inventories.*—Inventories must be valued at (*a*) cost or (*b*) cost or market, whichever is lower. * * * Whichever basis is adopted must be applied consistently to the entire inventory. * * * Goods taken in the inventory which have been so intermingled that they can not be identified with specific invoices will be deemed to be the goods most recently purchased.

The petitioner has not elected to price its inventories at cost or market, whichever is lower.

Material was continually used by petitioner from the stock on hand to finish out contracts and for other emergency use. The contract price was computed on a basis of the then market price, which during the period of steadily advancing prices produced a substantial profit which included the increase in value. Petitioner's theory is that this profit derived from the increase in value was replaced in the inventory by repurchasing steel at advanced prices. It was profit realized, nevertheless, and it is none the less taxable because it was immediately reinvested in inventory.

The method used by the petitioner in valuing its inventory, which has been known to accounting as the " minimum," " cushion," " basestock," or " constant average " method of inventory and is hereinafter referred to as the minimum inventory method, does not conform to the best accounting practice in trade or business. This method has not been widely adopted and to sanction it in the case of the very small minority of taxpayers who have used it as petitioner has, only for a period of a few years, would work an unjustifiable discrimination against the great majority of manufacturers and dealers who have not used it.

The income-tax system is based upon an annual accounting period. The object of the inventory is to assign to each accounting period its profits and losses. The effect of the minimum inventory method is

to assign all profits and losses to the year in which this minimum inventory is liquidated. In fact, however, each sale or exchange of the individual items of the inventory is a realization of taxable profit or deductible loss in the year in which it occurs and a method of accounting which disregards such realization does not truly reflect income. After the profit is realized it is immaterial whether it is immediately reinvested in inventory or is invested in some other manner. It is taxable when realized.

The practical result of the use of this method of inventory is to offset an inventory gain of one year against an inventory loss of another year rather than to assign to each year its true gain or loss. Its use arises from a desire to play safe and provide reserves against possible future losses. The fact that sections 204, 214 (a), and 234 (a) of the Revenue Act of 1918 authorize in some cases the carrying of a loss realized in one year into accounts of another year indicates that Congress did not intend that the ordinary inventory provisions should be construed to authorize such a transfer.

The evidence establishes clearly that some undeterminable part of the steel on hand in 1916 remained during the taxable years. All material of like dimensions was piled piece upon piece in perpendicular piles with the result that the material most recently purchased was in fact first used. If petitioner had used some means to identify the material so that its inventory could have been priced at cost, it might have obtained a more favorable result than that obtained through respondent's determination, which we are disposed to approve. The material in the inventory, however, is unidentifiable and there has been offered no basis upon which we can determine cost of the inventory. The respondent computed the inventory value at market as disclosed by petitioner's most recent purchases, and adjusted both the opening and closing inventories for the taxable years on this basis. The determination of the respondent is approved.

Petitioner's second contention is that it is entitled to deduct from its net income for 1918 a loss in inventory sustained in March, 1919. Sections 214 (a) (12) and 234 (a) (14) of the Revenue Act of 1918 provide in part:

At the time of filing return for the taxable year 1918 a taxpayer may file a claim in abatement based on the fact that he has sustained a substantial loss (whether or not actually realized by sale or other disposition) resulting from any material reduction (not due to temporary fluctuation) of the value of the inventory for such taxable year, or from the actual payment after the close of such taxable year of rebates in pursuance of contracts entered into during such year upon sales made during such year. * * * (b) If no such claim is filed, but it is shown to the satisfaction of the Commissioner that during the taxable year 1919 the taxpayer has sustained a substantial loss of the character above described then the amount of such loss shall be deducted from the net income for the taxable year 1918 and the tax imposed by this title for such year shall be redetermined accordingly. Any amount found to be due

to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer in accordance with the provisions of section 252.

During the first two and one-half months of 1919 petitioner withdrew from stock and fabricated for use under its contracts approximately one-third of the material contained in its closing inventory for 1918. We believe it is reasonable to assume that the remaining two-thirds was withdrawn from stock for similar use during the last nine and one-half months of 1919. The petitioner has not shown that any part of such material was sold at a loss. Neither has it shown that any of the material contained in its closing inventory for 1918 remained in stock at the close of the year 1919. If a reduction in market value of the items of inventory actually results in a loss, petitioner is entitled to a deduction under sections 214 (a) (12) and 234 (a) (14) of the Revenue Act of 1918. If during the year 1919 petitioner succeeded in retailing or manufacturing and selling without loss the goods contained in its closing 1918 inventory, it is entitled to no deduction though the market value has been materially reduced. In *Carlisle Garment Co.*, 3 B. T. A. 1119, where it was held that in the absence of evidence that the inventory was sold at a loss during 1919 there could be no deduction from the 1918 income, the Board stated at page 1123:

* * * A material reduction of the value of an inventory is not, in itself, sufficient to sustain a claim for a loss under this section. The material reduction must result in a substantial loss. * * * It appears further that the taxpayer manufactured the goods in its inventory at the close of 1918 and sold them during the year 1919. It does not appear that any loss whatever was sustained by the sale of these inventoried articles, nor does it appear that they were on hand at the close of 1919, included in the inventory of that year, or that the raw material content at that time of such inventoried goods, even if they were on hand at the close of 1919, could have been inventoried at a market value of less than cost. Under these circumstances, there is no evidence that the taxpayer has sustained a substantial loss resulting from any material reduction in the value of the inventory as taken at the close of 1918, and it is therefore not entitled to deduct the amount of the loss claimed for that year.

See also *Hayes Textile Co.*, 4 B. T. A. 1274, and *Otto A. Altschul*, 5 B. T. A. 53.

The evidence is clear that a material reduction occurred in the market value of petitioner's inventory in March, 1919. The evidence does not convince us, however, that petitioner has thereby sustained a substantial loss, and it is therefore not entitled to the deduction claimed under sections 214 (a) (12) and 234 (a) (14) of the Revenue Act of 1918.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MURDOCK concurs in the result.

SMITH and GREEN dissent.